## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

RODNEY EUGENE BLACK, #B86195,    )
              )
         **Plaintiff,**    )
   vs.              )     **Case No. 20-cv-00174-SMY**
              )
LINDSEY,            )
WEXFORD HEALTH SOURCES, INC.   )
B. TRIPP,            )
C/O RHODES,        )
ANGELA CRAIN,      )
C/O BAKER,        )
AIMEE LANG, and     )
ALEX D. JONES,      )
              )
        **Defendants.**    )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Rodney Eugene Black, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  He claims delay and denial of medical treatment in violation of the Eighth Amendment and seeks monetary damages. (Doc. 1).[1]

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

---

[1] Plaintiff filed four exhibits after filing his Complaint.  (Docs. 9, 14, 15, and 16).  To the extent Docs. 9 and 16 support claims in the Complaint, the Court will allow Plaintiff to supplement the Complaint with those exhibits.  Documents 14 and 15, however, relate to matters outside the scope of the Complaint and will be stricken.

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1):  Upon arrival at Menard Correctional Center on April 30, 2019, Plaintiff was seen by Nurse Aimee Lange.  He told her that he had diabetes and chronic high blood pressure and was taking Metformin, Lisinopril, HCTZ, and Toprol XL.  Plaintiff was not provided any of his medications that day or in the following days.

On May 3, 2019, Plaintiff told a correctional officer that he was experiencing severe chest pain.  He was seen an hour later by Nurse Lang who brought him half of his medication.  On May 18, 2019, Sgt. Bebout took Plaintiff to healthcare for an EKG.  The nurse told Plaintiff the EKG showed a blockage and irregular heartbeat.

Plaintiff ran out of medication on May 27, 2019.  He told Lt. Dilday that the nurse had not brought his medication.  Dilday told him, "if you sleep, they will skip you."  He advised Dilday again on June 4, 2019 that he had not received his medication.  Dilday contacted healthcare and told Plaintiff that he would get his medication that day, but he did not.

Plaintiff experienced severe chest pains again on June 6, 2019 and declared a medical emergency to the gallery officer.  A few hours later, Nurse Lang came to his cell and stated Plaintiff's medication expired on May 27, 2019 and had been re-ordered.  She stated there was a delay because they were temporary medications and the pharmacy would be issuing his regular medication later that day.  When the cellhouse nurse passed out evening meds later that day, she gave Plaintiff 5 medications including HCTZ, low dose aspirin, Pepcid, Colace, and Metformin in 30-day blisterpacks.  At evening meds the next day, a nurse gave him the remainder of his medication including Terazosin, Lisinopril, and Toprol XL in 30-day blisterpacks.

Plaintiff advised Nurse B. Tripp during evening medication distribution on November 26,

2019 that he was experiencing tingling and numbness in his left arm and face. She asked if he had any other symptoms and he told her he had been feeling sluggish. She noted his cell number and told him she would pass the information on to the appropriate staff. Plaintiff did not receive medical attention.

Plaintiff declared a medical emergency to C/O Rhodes on December 9, 2019 because he was experiencing tingling and numbness in his arm and face, but Rhodes took no action. Plaintiff advised C/O Baker on December 10, 2019 that he was experiencing tingling and numbness in his arm and face. Baker told Plaintiff that he advised Sgt. Hoskins but Plaintiff did not receive any medical attention. After Plaintiff filed an emergency grievance with the Warden, he put in his fourth medical slip and was finally called to sick call on December 18, 2019. He advised Nurse Burke of his symptoms and she referred him to the prison doctor. He asked her if she had his other sick call request slips and she replied that she did not.

The Complaint includes a list of "legal claims" in which Plaintiff makes additional statements including the following: Angela Crain witnessed Lang's actions and failed to correct the misconduct. Acting Warden Jones had actual knowledge that there were deficiencies in the medical care system at Menard HCU that created a risk of harm to Plaintiff. Wexford failed to ensure the proper administration of medication to inmates. LPN Lindsey took Plaintiff off Metformin in September 2019 and put him at risk of death by stroke. Defendants denied and/or delayed medical treatment on all levels and put Plaintiff at serious risk for a heart attack and stroke. Plaintiff was denied seeing a cardiologist after having chest pains and "blockage in heart." Defendants put him at serious risk of permanent damage to his heart, liver, and kidneys by taking him off critical diabetic medication for over 90 days and delaying CPAP machine for sleep apnea.

**Preliminary Dismissals**

Plaintiff fails to state a claim against Angela Crain and Acting Warden Alex Jones. He alleges that Crain witnessed Lang's actions and failed to correct the misconduct and that Acting Warden Jones had actual knowledge that there were deficiencies in the medical care system at Menard HCU that created a risk of harm to him. Conclusory statements that an individual was aware of a problem and failed to act, without any factual support or content, is insufficient to state a claim. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (abstract recitations of the elements of a cause of action or conclusory legal statements are insufficient to state a claim); *Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005)("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."); *Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face."). Additionally, Crain and Jones cannot be held liable based solely on their positions as administrators because the doctrine of *respondeat superior* does not apply to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Therefore, Crain and Jones are dismissed without prejudice.

Plaintiff also fails to state a viable claim against the defendants based on the collective allegations that he was denied and/or delayed medical treatment on all levels putting him at serious risk for a heart attack and stroke; that he was denied to see a cardiologist after having chest pains and "blockage in heart;" that he was put at serious risk of permanent damage to his heart, liver, and kidneys because he was taken off diabetic medication for over 90 days and there was a delay of a CPAP machine for sleep apnea. Under Federal Rule of Civil Procedure 8 pleading standards, the Complaint must include a short, plain statement of the case against each individual. An allegation that a group of defendants violated a plaintiff's rights fails to comply with Rule 8. As

4

such, any claims intended based on these collective allegations are considered dismissed as inadequately pled under Rule 8 and the *Twombly* pleading standards.

Plaintiff refers to individuals in his statement of claim who are not named as defendants. Additionally, he attached grievances and letters as exhibits in which he complains about individuals who are not named as defendants. Claims against any individuals not identified as defendants in the case caption are dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

Finally, Plaintiff alleges claims against each Defendant in his or her individual and official capacities but seeks only monetary damages in his Complaint. When a plaintiff seeks monetary damages against a state official, he must bring the suit against them in his or her individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). A lawsuit for money damages against a defendant in his or her official capacity is really a suit for money damages against the state and is barred by the Eleventh Amendment. *Id.* Therefore, Plaintiff's claims against Defendants in their official capacities are dismissed without prejudice.

<u>**Claims**</u>

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Counts in this *pro se* action:

Count 1:    Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Lang for delaying and/or denying Plaintiff his prescription medication and against Wexford for failing to ensure the proper administration of medication to inmates.

Count 2:    Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Lindsey for denying Plaintiff his prescription medication and against Wexford for failing to ensure

the proper administration of medication to inmates.

Count 3:        Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Tripp for denying Plaintiff medical treatment on November 26, 2019 for complaints of numbness and tingling in his left arm and face.

Count 4:        Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Rhodes for denying Plaintiff medical treatment on December 9, 2019 for complaints of numbness and tingling in his left arm and face.

Count 5:        Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Baker for denying Plaintiff medical treatment on December 10, 2019 for complaints of numbness and tingling in his left arm and face.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

"[P]rison officials and medical staff violate the Eight Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs." *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017).   To state a deliberate indifference claim, the plaintiff must include facts that show or suggest he suffered from an objectively serious medical condition and the defendants acted with deliberate indifference to that condition.  *Id.* Plaintiff's allegations are sufficient to proceed on a deliberate indifference claim against Defendant Lang.

Plaintiff's allegation that Wexford failed to ensure the proper administration of medication to inmates fails to state a claim.  Wexford cannot be held liable based on *respondeat superior* and instead, may be liable only if it had a policy or practice that caused the alleged violation of a constitutional right.  *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). Plaintiff does not allege that Wexford maintains a policy or custom that caused Lang's alleged failure to provide him with his prescription medication.  He seeks to hold Wexford responsible for not properly supervising its employees, which he cannot do.  Therefore, the claim against Wexford is dismissed.

## Count 2

The allegations in the Complaint are sufficient for Plaintiff to proceed on a deliberate indifference claim against Defendant Lindsey.  Again, the claim that Wexford failed to ensure the proper administration of medication to inmates fails to state a claim and is dismissed.

## Counts 3, 4, and 5

The claims in Counts 3, 4, and 5 regarding denial of medical treatment for complaints of numbness and tingling in Plaintiff's left arm and face involve different defendants, separate occurrences, and different issues than the claims in Counts 1 and 2 related to his prescription medications.  Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.  Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  District courts have a duty to apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case.  *Id.*

Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Here, the Court will exercise its discretion and sever Counts 3, 4, and 5 from this case. *See* Fed. R. Civ. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

### Request for Injunctive Relief

Plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary Injunction seeking an order requiring Menard Correctional Center Healthcare Unit to send him for heart surgery. (Doc. 17). A temporary restraining order ("TRO") can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. Fed. R. Civ. P. 65(b)(2). A TRO may be issued only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "To obtain a preliminary injunction, a plaintiff must show that: (1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020) (internal citation and quotation marks omitted).

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881, 2018 WL

2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)).

As an initial matter, Plaintiff has not offered an opinion of a medical professional that he needs heart surgery nor does he allege in his motion or Complaint that any defendant in this case has denied him heart surgery. In any event, Plaintiff's claim that he needs heart surgery is unrelated to the claims or the parties in this case. Although he attached exhibits to his Complaint that show he requested to see a cardiologist but was denied, he did not include any allegations in his statement of claim that any of the named defendants denied his request to see a cardiologist. Because his claim for heart surgery exceeds the scope of the Complaint, it cannot provide the basis for a TRO or a preliminary injunction in this lawsuit.[2]  Accordingly, the Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 17) is denied.

### Disposition

**IT IS HEREBY ORDERED** that Counts 3, 4, and 5 are **SEVERED** into a new case against B. Tripp, C/O Rhodes, and C/O Baker and they are **DISMISSED** and **TERMINATED** as defendants in this case. The Clerk is **DIRECTED** to file the following documents into the newly-severed case:

1) The Complaint (Doc. 1);

2) Motion for Leave to Proceed in forma pauperis (Doc. 2); and

3) This Memorandum and Order.

**IT IS ORDERED** that Count 1 will proceed against Aimee Lang and Count 2 will proceed

---

[2] If Plaintiff wishes to pursue the unrelated claim alleged in the motion, he must do so by filing a separate case under 28 U.S.C. § 1983. The Court states no opinion on the merits of any such claim. If he chooses to file such claims, he is warned that any Section 1983 claims would be subject to the normal rules and consequences attendant to Section 1983 litigation including payment of the $400 filing fee and a general prohibition against the filing of frivolous claims. Further, Plaintiff would have to exhaust his administrative remedies as to the claims prior to filing suit as exhaustion is a *prerequisite* to filing suit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).

against Lindsey in their individual capacities but the official capacity claims against them are **DISMISSED**.  Angela Crain, Alex Jones, and Wexford Health Services, Inc. are **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

The Clerk of Court shall prepare for Aimee Lang and Lindsey: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS ORDERED** that the Complaint is supplemented with the exhibits at Documents 9 and 16 but Documents 14 and 15 are **STRICKEN**.

**IT IS ORDERED** that the Motion for Temporary Restraining Order and/or Preliminary

Injunction (Doc. 17) is **DENIED**.

      **IT IS ORDERED** that the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

      Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  October 13, 2020**

                  *s/ Staci M. Yandle*_____
                  **STACI M. YANDLE**
                  **United States District Judge**

<u>**Notice to Plaintiff**</u>

      The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.