IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY EUGENE BLACK, #B86195,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**AIMEE LANG,** )<br>)<br>**Defendant.** ) | Case No. 3:20-cv-00174-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Rodney Eugene Black filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. Following preliminary review under 28 U.S.C. § 1915A, Plaintiff proceeds on an Eighth Amendment deliberate indifference to serious medical needs claim against Aimee Lang for delaying and/or denying him prescription medication.

This matter is now before the Court on Defendant's Motion for Summary Judgment (Doc. 105), which Plaintiff opposes (Doc. 111). For the following reasons, the motion is **GRANTED**.

### FACTS[1]

Prior to his entry into IDOC custody, Plaintiff was diagnosed with various medical issues, including high blood pressure, borderline diabetes, disc problems, heart issues, Hepatitis C, cirrhosis of the liver, a "bad heart," and sleep apnea. (Doc. 106-1, p. 4 at 15:16-15:25, 16:1-4). (*Id.*). He was on medication for several of his medical conditions. (*Id.* at 16:12-21).

Upon Plaintiff's arrival at Menard Correctional Center on April 30, 2019, Plaintiff saw "an assembly line of people," including task force, drugs, mental health, and medical. (*Id.*, p. 3 at

---

[1] The facts are undisputed unless otherwise noted.

11:16-18, p. 5 at 18:2-11). Plaintiff does not know who he specifically saw that day. (*Id.* at 18:10-11). According to his medical records,[2] Nurse Tripp performed Plaintiff's medical intake screening and noted he was taking Aspirin 81 mg daily, Furosemide 40 mg daily, HCTZ 25 mg daily, Potassium 10 meq daily, Lisinopril 40 mg BID, Metoprolol 100mg BID, Olanzapine 5mg BID, Ranitidine 300 mg daily, Terazosin 2 mg daily, Colace 100 mg 2 caps BID, and Metformin 500 mg BID. (Doc. 108, pp. 26-28). She noted the plan was to order intake labs (*Id.*, p. 26) and to have Plaintiff seen in the DMCC (Diabetes Mellitus Chronic Clinic), HCVCC (Hepatitis C Clinic), and HTNCC (Hypertension Chronic Clinic). (*Id.*). Nurse Practitioner M. Zimmer wrote a progress note ordering labs (CBC, HCV VL, and PT/INR). (*Id.*, p. 28).

Plaintiff told a sergeant that he was having chest pain and issues with his heart on May 2, 2019. (Doc. 106-1, p. 5 at 18:21-19:2). The sergeant brought certified medical technician ("CMT") Aimee Lang to see him. (Doc. 106-2, p. 1 at ¶ 1). Plaintiff advised Lang that he had not received his prescription medications since arriving at Menard. (Doc. 106-1, p. 5 at 19:2-8). As a CMT, Lang did not have the authority to order prescription medication (Doc. 106-2, p. 2 at ¶ 5) but was able to provide him with medication available from institution stock based on his current prescriptions. (*Id.*, pp. 2-3 at ¶¶ 10-11; Doc. 106-1, p. 5 at 19:8-9). According to the Medication Administration Records, Lang gave Plaintiff Furosemide 40 mg, HCTZ 25 mg., Lisinopril 40 mg, Metoprolol 100mg. Colace 100 mg, and Metformin 500 mg at 8:00 am on May 2, 2019. (Doc. 106-2, pp. 2-3, ¶ 10). Plaintiff testified that the medications Lang gave him helped that day. (Doc. 106-1, p. 5 at 19:12-14). Before May 2, 2019, Lang did not know that Plaintiff had not received his medications. (*Id.*, p. 3 at ¶ 12).

---

[2] Defendant attached several irrelevant medical and dental records to its memorandum. The inclusion of irrelevant medical records is a privacy concern and causes a waste of judicial resources. Counsel should avoid the inclusion of unnecessary documents in the future.

Plaintiff was seen by NP Zimmer for chronic clinic and for a physical examination on May 3, 2019. (Doc. 108, pp. 53-54; Doc. 108-1, pp. 62-65). His prescription medications were noted and an EKG was ordered. (*Id.*). According to the Medication Administration Record, he received the medications currently prescribed to him on May 3, 2019, and consistently received them through May 29, 2019. (Doc. 106-2, p. 3 at ¶ 13; Doc. 108-1, pp. 89-90).

An EKG was conducted on Plaintiff on May 18, 2019. (Doc. 108, p. 30). No complaints of pain are documented in the chronic clinic notes or any progress notes in May 2019. (Doc. 108, pp. 29-32, 53-54).

According to Plaintiff, he had another issue with receiving his medications from May 28 to June 7, 2019. (Doc. 106-1, p. 6 at 21:3-6). After declaring a medical emergency on June 6, 2019, he saw Lang and told her he needed his medication. (*Id.* at 21:6-23:5). Lang told him that he would be getting his medication that day and explained that he was given a temporary prescription when he was seen in receiving and there had not been a follow-up prescription. (*Id.*).

Lang did not work in Plaintiff's cell house on June 1, 2, 4, or 5, 2019. (Doc. 106-2, p. 3 at ¶¶ 14-15). She was assigned to his cell house on June 3, 2019. (*Id.* at ¶ 14). Plaintiff's chronic medications were renewed on June 3, 2019 in conjunction with a jacket review by NP Zimmer. (*Id.*; Doc. 108, p. 32). Once prescriptions are renewed, the prescriptions are faxed to the pharmacy and are filled within two to three days. (Doc. 106-2, p. 3 at ¶ 14). Plaintiff's medications were issued to him on June 5, 6, and 7, 2019. (Doc. 108-1, pp. 91-92). There is no medical emergency documented in the medical records for the month of June 2019. (Doc. 108; Doc. 108-1).

## **DISCUSSION**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Archdiocese of*

*Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) (citing FED.R.CIV.P. 56(a)).  A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a summary judgment motion, the Court must view the evidence "in the light reasonably most favorable to the non-moving party, giving (him) the benefit of reasonable, favorable inferences, and resolving conflicts in the evidence in (his) favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).   The Court may not "assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence." *Stokes v. Board of Educ. of the City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010).

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).  To prevail on an Eighth Amendment claim of constitutionally-deficient medical care, a plaintiff must establish that he had an objectively serious medical need and that the defendant had knowledge of facts from which he or she could infer that a substantial risk of serious harm exists and nevertheless disregarded that risk. *Id.* at 476.  Serious medical needs include those for which withholding medical care results in needless pain and suffering, those which a physician has determined require treatment, and those for which the need for treatment would be obvious to a layperson. *Gutierrez v. Peters*, 111 F.3d 1364, 1370-1371 (7th Cir. 1997).  Defendant does not dispute that Plaintiff had serious medical conditions for purposes of this motion.

"Deliberate indifference is more than negligence and approaches intentional wrongdoing." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation and quotation marks omitted).

Deliberate indifference can be found if a medical provider defendant ignored a request for treatment, substantially departed from accepted professional standards, persisted in an ineffective course of treatment, or inexplicably delayed treatment. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016). A mere delay in medical care without a showing of substantial harm does not establish a deliberate indifference claim. *Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir. 1996) ("[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place *verifying medical evidence* in the record to establish the detrimental effect of delay in medical treatment to succeed."). Further, failure to administer prescription medicine alone does not constitute deliberate indifference. *Zentmyer v. Kendall County,* 220 F.3d 805, 812 (7th Cir.2000).

Here, Lang was not aware before May 2, 2019 that Plaintiff was without his prescription medication. When Plaintiff notified her that he had not received his medication since arriving at Menard, she immediately obtained medication from the institution stock. According to the Medication Administration Record, Plaintiff consistently received all medications prescribed to him from May 3, 2019, through May 29, 2019.

When Lang saw Plaintiff again on June 6, 2019, and told her that he was not receiving his prescription medication, his prescriptions had already been renewed by NP Zimmer on June 3, 2019. At that point, there was nothing further Lang could do for him. According to the Medication Administration Record, Plaintiff received the renewed medications on June 5, 6, and 7, 2019.

Plaintiff contends he ran out of medication at the end of May because Lang did not give him a "regular" prescription and instead gave him medication from stock when he saw her on May 2, 2019. (*Id.*). But as a CMT Lang could not ***prescribe*** medication. There is no evidence that she

was personally responsible for the fact that Plaintiff's prescriptions were not renewed by NP Zimmer until June 3, 2019.

Based on the evidence in the record, Plaintiff cannot establish that Lang knew he was without medication and did nothing about it or that she intentionally deprived him of medication. Additionally, there is no evidence that Plaintiff suffered substantial harm from any alleged delay in medication *attributable to Lang*.  As such, Lang is entitled to summary judgment.[3]

## **DISPOSITION**

Defendant's Motion for Summary Judgment is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Aimee Lang and close this case.

**IT IS SO ORDERED.**

**DATED:  December 30, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[3] In his response to the motion for summary judgment, Plaintiff alleges that Lang failed to treat his complaints of chest pain on May 2, 2019, and June 6, 2019. (Doc. 111).  This claim was not asserted in Plaintiff's Complaint.  Therefore, it may not be considered in response to the motion for summary judgment.